IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **JAMES BERNARD EDWARDS,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 7:25-cv-84-WLS-ALS |
| | : | |
| Warden **DESHAWN JONES,** | : | |
| | : | |
| Respondent. | : | |

**ORDER**

Petitioner James Bernard Edwards, a prisoner at Augusta State Medical Prison in Grovetown, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his January 2013 conviction in the Lowndes County, Georgia, Superior Court. (Doc. 1). Petitioner did not pay the $5.00 filing fee for this case or file a motion to proceed *in forma pauperis* ("IFP"). Instead, he submitted a blank account certification form that references a letter to the Court which "authoriz[es] [the] court to secure [the] $5 filing fee from Petitioner's inmate account[.]" (Docs. 4; 1-1).

It is Petitioner's responsibility to either move to proceed IFP or to pay the filing fee by making arrangements with prison officials to have the fee paid from his account. Petitioner is, therefore, **ORDERED** to either pay the $5.00 filing fee or to file a proper and complete motion to proceed IFP by filing "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]." R. 3(a)(2) of the R. Governing Section 2254 Cases in the U.S. Dist. Cts. Petitioner shall have **FOURTEEN (14) DAYS** to comply with this Order, and his failure to do so may result in dismissal of this action.

Petitioner also filed three additional motions in this case. Two of the motions pertain to filing briefs in this action and one seeks to file an unpublished state court decision on the record. (Docs. 2, 3, 6). Once Petitioner has either paid the filing fee or moved for leave to proceed IFP, the Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. At this time, Petitioner's motions to file briefs and supplement the record are premature. If the petition survives the Habeas Rule 4 preliminary screening, the Court will provide additional instructions regarding the procedures to follow as the case moves forward. Specifically, Respondent will be ordered to file a response to the habeas petition, which must include records from the state courts as required by Habeas Rule 5. At that time, if Petitioner believes Respondent has omitted necessary material, he may move to expand the record. The Court will also provide Petitioner with the opportunity to file briefs as necessary, and an opportunity to respond to any briefs or motions filed by Respondent. Consequently, Petitioner's pending motions seeking to file briefs and state court records (Docs. 2, 3, 6) are **DENIED as premature**.

The Clerk is **DIRECTED** to forward the appropriate financial forms (with the civil action number written on them) to Petitioner along with a copy of this Order. Petitioner is **advised** that he must notify the Clerk of Court in writing of any change in address. Failure to do so may result in dismissal of this case. There shall be no service in this case pending further order of the Court.

**SO ORDERED**, this 11th day of September, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE