IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES BERNARD EDWARDS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 7:25-cv-84-WLS-ALS |
| | : | |
| Warden DESHAWN JONES, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

Petitioner James Bernard Edwards, a prisoner at Augusta State Medical Prison in Grovetown, Georgia, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his January 2013 conviction in the Lowndes County Superior Court in Valdosta, Georgia. (Doc. 1). Thereafter, Petitioner paid the $5.00 filing fee for this case and filed a motion to appoint counsel. (Doc. 10).

In the motion, Petitioner asserts that he has a rare disease that causes complications including blindness and dementia. *Id.* at 1-2. Petitioner contends that these conditions prevent him from effectively presenting his case and meeting deadlines and other requirements. *Id.* at 2. Petitioner asserts that his cellmate, who has been helping him with his legal work, was scheduled to complete his sentence and leave the prison on September 21, 2025. *Id*. at 2-3. Petitioner argues that his disability provides a basis for appointment of counsel under the Americans with Disabilities Act ("ADA"). *Id.* at 4-5.

In support of his contention that counsel should be appointed under the ADA, Petitioner cites *Byrd v. Lindsey*, No. 17-30569 (5th Cir. 2018). (Doc. 10, at 4-5). In *Byrd*, the plaintiff argued that the ADA required counsel to be appointed "because he had several mental illnesses." *Byrd v.*

*Lindsey*, 736 F. App'x 465, 466 (5th Cir. 2018). The district court denied the plaintiff's motion, finding that the ADA did not require appointment of counsel. *Id.* On appeal, the United States Court of Appeals for the Fifth Circuit upheld the denial of counsel, concluding that the plaintiff had not demonstrated that the ADA required appointment of counsel in that case. *Id.* at 468. Moreover, other Circuits have concluded that there is no support for the proposition that the ADA requires the appointment of counsel to a disabled party. *See Douris v. New Jersey*, 500 F. App'x 98, 101 (3d Cir. 2012) (stating that "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities."); *Pinson v. Equifax Credit Inf. Serv's*, 316 F. App'x 744, 749 (10th Cir. 2009) (finding " no support for the proposition" that the ADA required courts to appoint counsel); *Hunter v. Beck*, 244 F. App'x 848, 852-53 (10th Cir. 2007) (same). Finally, the United States District Court for the Northern District of Georgia found that counsel was not required when a blind § 2254 habeas petitioner had not demonstrated exceptional circumstances because he had been active in litigating his case before the court. *Howard v. Chase*, No. Civ.A. 105CV1175JOF, 2006 WL 516848, at *3 (N.D. Ga. Mar. 2, 2006).

Generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel is only required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* R. Governing Section 2254 Cases in the U.S. Dist. Cts. 6(a), 8(c). Counsel also may be appointed at any stage of the case when the "interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B). At this preliminary stage of the proceeding, the Court is not yet able to determine whether counsel will be necessary for discovery or whether an evidentiary hearing may be required.

Further, the interests of justice do not presently require the appointment of counsel. Although Petitioner's cellmate who was helping him has apparently now been released, he was able to help Petitioner draft the petition and get his claims in front of the Court before his release. At this stage, Petitioner is permitted, but not required, to amend his petition as set forth below, and then Respondent will have an opportunity to respond. Thus, appointment of counsel is not necessary at this time, and Petitioner's motion (Doc. 10) is therefore **DENIED**. If it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court, <u>on its own motion</u>, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Petitioner to file additional requests for counsel.

If Petitioner desires to further amend his petition, it is **ORDERED** that he must do so within thirty (30) days of the date of this Order. Petitioner must include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 12th day of December, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE