**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **JAMES BERNARD EDWARDS,** | : | |
| | : | |
| **Petitioner,** | : | **CASE NO:** |
| **v.** | : | **7:25-cv-84–WLS-ALS** |
| | : | |
| **WARDEN DESHAWN JONES,** | : | |
| | : | |
| **Respondent.** | : | |

## ORDER

Before the Court is the Report and Recommendation (Doc. 29) ("Recommendation") filed August 21, 2026, by United States Magistrate Judge Alfreda L. Sheppard with respect to Petitioner James Bernard Edwards's Petition for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) ("Petition") filed pursuant to 28 U.S.C. § 2254. In her Recommendation, Judge Sheppard recommends that:

1. Respondent's Motion to Dismiss Petition as Untimely (Doc. 17) ("Motion to Dismiss") be granted; and
2. Petitioner's Amended Motion to dismiss the indictment under which he was convicted (Docs. 15 & 22) be denied.

Judge Sheppard notified the parties that they had fourteen days within which to file an objection to the Recommendation. Neither party did so. (*See* Doc. 29 at 8–9 & Docket). Thus, the Court reviews the Recommendation for clear error.[1]

[1] 28 U.S.C. § 636(b) provides that "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b); FED. R. CIV. P. 72. If no timely objections are filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citation omitted)).

## I. DISCUSSION

### A. Motion to Dismiss

The Court has thoroughly considered the Respondent's Motion to Dismiss, Petitioner's Response (Doc. 28), and the Recommendation. The Court agrees with Judge Sheppard's calculation of the deadline within which Petitioner was required to file his federal habeas petition under 28 U.S.C. § 2244(d)(1). According to that calculation, Petitioner's Petition for Writ of Habeas Corpus was due no later than Tuesday April 3, 2018. Petitioner executed his Petition on June 27, 2025, and it was docketed on July 1, 2025.[2] Thus, his Petition was untimely. For the reasons discussed in the Recommendation, the Court further agrees that Petitioner is not entitled to equitable tolling of the limitations period. Nor has he provided the new evidence required for an actual innocence claim, particularly where such "new evidence" is nothing more than a reiteration of his argument that the evidence was insufficient to convict him and where such argument has already been considered and rejected by the Georgia Court of Appeals. Thus, Respondent's Motion to Dismiss (Doc. 17) is **GRANTED** as the Petition was untimely filed and the Petition is **DISMISSED**.

### B. Motion to Dismiss the Indictment

The Court further agrees that with the dismissal of the Petition for Writ of Habeas Corpus, the Petitioner's Amended Motion to dismiss the indictment under which he was convicted (Docs. 15 & 22) is moot, and is therefore, **DENIED AS MOOT**.

## II. CONCLUSION

Upon full review and consideration of the Record, the Court finds no clear error, and that Judge Sheppard's Recommendation (Doc. 29) should be, and hereby is, **ACCEPTED, ADOPTED,** and made the Order of this Court for the reason of the findings made and reasons stated therein. Accordingly, Respondent's Motion to Dismiss Petition as Untimely (Doc. 17) is **GRANTED** on the basis that the Petition for Writ of Habeas Corpus was untimely. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. Further,

[2] Under the prisoner mailbox rule, a prisoner's pleading is considered filed on the date the prisoner delivers it to prison authorities for filing. Absent evidence to the contrary, in the form of prison logs or other records, it is assumed a motion was delivered to prison authorities on the day it was signed. *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

Petitioner's Amended Motion to dismiss the indictment under which he was convicted (Docs. 15 & 22) is **DENIED AS MOOT**.

## III. CERTIFICATE OF APPEALABILITY

Judge Sheppard recommends denial of a certificate of appealability. (Doc. 29 at 7–8). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, the applicant must show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner failed to file an objection to Judge Sheppard's Recommendation of the denial of a certificate of appealability. After reviewing the record, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), or a showing that the Court's procedural ruling is incorrect. Therefore, the Court agrees with Judge Sheppard's Recommendation and **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this 9th day of September, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COUR**